IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BRICIA ROSLYN PINI, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil No. 1:18-cv-450-AJT-MSN |
| ) | |
| PALEY, ROTHMAN, GOLDSTEIN, ) | |
| ROSENBERG, EIG & COOPER, ) | |
| CHARTERED, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### REPORT & RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. No. 2). In support of the Motion, Plaintiff filed an affidavit that indicates that she is unable to pay the costs of these proceedings. Upon consideration of the Motion, the supporting affidavit, and Plaintiff's Complaint (Dkt. No. 1), this Court will conditionally grant Plaintiff leave to proceed *in forma pauperis*. The undersigned Magistrate Judge recommends, however, dismissing Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.   Background**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this Court must "dismiss the case at any time if it "determines that . . . the action or appeal—(ii) fails to state a claim on which relief may be granted." In order to state a claim on which relief may be granted, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In this case, Plaintiff's Complaint is not entirely clear, but it appears that she attempts to plead that Defendants, a law firm and two attorneys who made an appearance in another case in

which she was a plaintiff,[1] defamed her by filing a document reflecting statements she made at her deposition. *See* Compl. ¶¶ 10–16. Even if the factual allegations in the Complaint are true, they are insufficient to establish a cause of action. Defendants' filing is protected by absolute privilege under Virginia law. *E.g.*, *Darnell v. Davis*, 190 Va. 701, 707 (1950) ("It is settled law in Virginia that words spoken or written in judicial proceedings that are relevant and pertinent to the matter under inquiry are absolutely privileged."). The Court therefore finds that the pleading fails to state a claim upon which relief can be granted.

## II. Recommendation

For the foregoing reasons, the undersigned GRANTS Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. No. 2) but recommends DISMISSING Plaintiff's Complaint.

## III. Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

May 11, 2018
Alexandria, Virginia

---

[1] *See Pini v. Charpentier, et al.*, 1:17-cv-739-TSE-IDD. The instant case follows an order by the Honorable Magistrate Judge Ivan D. Davis, stating that Plaintiff cannot file a defamation counterclaim (Dkt. No. 123), which she attempted to do as part of her Response to Staybright Electric of Colorado, Inc.'s Second Amended Answer to Plaintiff [sic] Amended Compliant [sic] (Dkt. No. 109).